Stephen J. Akerley (SBN 160757)
sjakerley@mintz.com
Adrian Kwan (SBN 300032)
akwan@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
  AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA  94104
Tel:  (415) 432-6000
Fax: (415) 432-6001

Attorneys for Plaintiff
Chad Robert Kester

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CTF GP PRISONER LITIGATION,<br><br>         Plaintiffs,<br><br>   v.<br><br>DIAZ, et al.;<br><br>         Defendants. | Case No.  5:19-CV-1974-LHK<br><br>**PLAINTIFF CHAD ROBERT KESTER'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Assigned to:<br>The Honorable Lucy H. Koh<br>Courtroom 6, 2nd Floor |

Pursuant to Local Rules 3-12 and 7-11, Plaintiff Chad Robert Kester ("Mr. Kester") submits his Opposition to Defendants R. Diaz, G. Viera Rosa, C. Gipson and C. Koenig's (collectively, "Defendants") Administrative Motion to Consider Whether Cases Should Be Related. While Defendants do not appear to take a position as to whether Mr. Kester's pending lawsuit before Judge Tigar, *Kester v. Diaz et al.*, Civil Action No. 19-cv-04205-JST ("Kester Action"), should be related to the instant action, *In re CTF GP Prisoner Litigation*, Civil Action No. 19-cv-01974-LHK ("GP Prisoner Action"), Mr. Kester opposes relation of the cases.

Pursuant to Local Rule 3-12(a):

**Definition of Related Cases**.  An action is related to another when:

(1) The actions concern substantially the same parties, property, transaction or event; and

(2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civil Local Rule 3-12(a) (effective May 1, 2018).  The Kester and GP Prisoner Actions before the Court do not involve the same parties, property, transaction, or event.  Nor will litigating the actions separately require an unduly burdensome duplication of labor or expense.  There is also no likelihood that conflicting results will be reached if the cases are conducted before different judges.

**I. THE KESTER AND GP PRISONER ACTIONS DO NOT CONCERN THE SAME PARTIES, PROPERTY, TRANSACTIONS, OR EVENT**

As this Court noted in its order denying *ex parte* relief to the GP Prisoner plaintiffs, the Kester and the GP Prisoner Actions do not concern the same parties. Dkt. No. 21 at p. 8.  While there are common defendants in both the Kester and GP Prisoner Actions, the individual plaintiffs are "different, unrelated individuals with [] different alleged circumstances." *EEOC v. Abercrombie Fitch Stores, Inc.*, Civil Action No. 10-03911-EJD, 2011 U.S. Dist. LEXIS 94353, at *2 (N.D. Cal. Aug. 23, 2011); *see also Allen v. City of Oakland*, Civil Action No. 00-cv-04599-THE (N.D. Cal. Nov. 23, 2011) ("[I]mplicit in Civil Local Rule 3-12(a) is the principle that single judges of this Court do not become responsible for all cases arising in one area of law, even when some of the

-1-

PLAINTIFF CHAD ROBERT KESTER'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 5:19-CV-1974-LHK

1  same parties are involved."). Mr. Kester is a Level II sensitive needs prisoner who is "a convicted sex offender, gang drop-out and informant." Pl.'s First Am. Compl., *Kester v. Diaz et al.*, Civil Action No. 4:19-cv-04205-JST, Dkt. No. 37 at ¶ 31 (N.D. Cal. Feb. 3, 2020). By contrast, the GP Prisoners have not identified any related characteristics or risk factors. *See, e.g.*, Pl.'s V. First Am. Compl., Dkt. No. 17 at p. 2 ll. 3-7.

The Kester and GP Prisoner Actions do not concern the same property. While Mr. Kester and the GP Prisoner plaintiffs are located at California Training Facility ("CTF"), Mr. Kester and the GP Prisoner plaintiffs are located on different yards. Mr. Kester is located on a Level II SNY yard and the GP Prisoners are located on either a Level I or Level II GP yard. Defendants have not yet stated whether they will convert the Level II GP and/or SNY facilities to NDPFs. *See* Pl.'s First Am. Compl., *Kester v. Diaz et al.*, Civil Action No. 4:19-cv-04205-JST, Dkt. No. 37 at ¶ 24 (N.D. Cal. Feb. 3, 2020) ("Plaintiff is housed on one of two Level II housing facilities which have not yet been converted to NDPF. CDCR expects to convert these remaining two Level II facilities to NDPFs in 2020."); Defs.' Answer, *Kester v. Diaz et al.*, Civil Action No. 4:19-cv-04205-JST, Dkt. No. 46 at p. 2 ll. 20-22 (N.D. Cal. Feb. 24, 2020) ("As to paragraph 24, Defendants lack sufficient information or belief to admit or deny the allegation that the Level II housing facilities identified in paragraph 24 will be converted to NDPFs in 2020. As to the remaining allegations, Defendants admit."). Defendants have yet to identify the procedures by which they will convert the SNY and GP facilities at CTF, or if the GP Prisoner plaintiffs will be transferred to other non-CTF facilities.

Finally, the Kester and GP Prisoner Actions do not concern the same transaction or event. Because no details of the anticipated integration have been provided, Defendants cannot possibly show that these cases involve the same transaction or event. What is certain, however, is that Mr. Kester and the GP Prisoner plaintiffs seek different relief. Mr. Kester seeks narrow relief precluding Defendants from "housing Plaintiff at any Non-Designated Programming Facility…." Pl.'s First Am. Compl., *Kester v. Diaz et al.*, Civil Action No. 4:19-cv-04205-JST, Dkt. No. 37 at p. 16 ¶ C (N.D. Cal. Feb. 3, 2020). The GP Prisoner plaintiffs seek broader relief generally

enjoining Defendants "from merging the SNY and GP prisoners together in what they refer to as Non-Designated Programming Facilities." Pl.'s V. First Am. Compl., Dkt. No. 17 at p. 7 ll. 6-7.

## II. THE KESTER AND GP PRISONER ACTIONS WILL NOT DUPLICATE LABOR OR EXPENSES

As discussed above, Mr. Kester and the GP Prisoner plaintiffs share no commonalities with respect to their individualized case factors which determine the propriety of their placement in an NDPF. Defendants have stated that the decision as to where to house an inmate is determined based on each inmate's individual case factors. Decl. of P. Marziello in Resp. to Aug. 23, 2019 Order to Show Cause, *Kester v. Diaz et al.*, Civil Action No. 4:19-cv-04205-JST, Dkt. No. 15-1 at ¶¶ 2, 7 (describing process for and result of classification review of Mr. Kester's case factors in their totality to determine whether his housing on a SNY was appropriate) (N.D. Cal. Sept. 9, 2019). Because Defendants' placement review of each inmate is factually intensive and performed on a case-by-case basis, there will be no overlap in labor or expenses. *Nozolino v. Hartford Life & Accident Ins. Co.*, No. 12-cv-04314-JST, 2013 U.S. Dist. LEXIS 80548, at *4 (N.D. Cal. June 6, 2013) ("Moreover, the Court is not persuaded that there will be an unduly burdensome duplication of labor if the cases are not related, as [plaintiff] admits that '[t]he facts of each plaintiffs disability claim will, of course, be unique.") (internal citations omitted); *EEOC v. Abercrombie & Fitch Stores, Inc.*, No. CV 10-03911 EJD, 2011 U.S. Dist. LEXIS 94353, at *3 (N.D. Cal. Aug. 23, 2011) (declining to relate cases, in part, because "religious accommodation cases are fact-intensive and decided on a case by case basis.").

## III. THE KESTER AND GP PRISONER ACTIONS WILL NOT RESULT IN CONFLICTING RESULTS

Mr. Kester is asking for very narrow judicial determination that *his* particular case factors make *his* placement in a NDPF unconstitutionally dangerous to *him* in violation of *his* Eighth Amendment rights. Pl.'s First Am. Compl., *Kester v. Diaz et al.*, Civil Action No. 4:19-cv-04205-JST, Dkt. No. 37 at p. 16 ¶ C (N.D. Cal. Feb. 3, 2020). The GP Prisoner plaintiffs admit that they are litigating a "novel issue" due to the "mergence (sic) of SNY violent prison gangs [that] has just

begun happening." Dkt. No. 17 at p. 5 ll. 8-9.  These issues are distinctly different from one another.  For example, a judgment in favor of Mr. Kester finding his individualized case factors preclude his placement on a NDPF does not conflict with a dismissal of the GP Prisoner plaintiffs' claims finding no threat to GP inmates from being housed with SNY inmates.  Nor does a finding that Mr. Kester is appropriately housed on a NDPF conflict with a finding that the GP Prisoner plaintiffs face a serious risk of injury from SNY inmates on NDPFs.

**IV.    CONCLUSION**

The similarities identified by Defendants are superficial and insufficient to support a finding that the case are "related" as defined by Local Rule 3-12.

Dated:  March 5, 2020

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By:    */s/ Adrian Kwan*
          Stephen J. Akerley (SBN 160757)
          Adrian Kwan (SBN 300032)

Attorneys for Plaintiff
Chad Robert Kester