United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re CTF GP Prisoner Litigation. | Case No. 19-CV-01974-LHK<br><br>**ORDER DENYING MOTION TO RELATE CASES**<br><br>Re: Dkt. No. 30 |

Multiple plaintiffs filed civil rights complaints in this District under 42 U.S.C. § 1983 that raised substantially the same issues. These cases were related. *See* Dkt. No. 8. The Court dismissed some of the related actions, consolidated the actions filed by three plaintiffs, and directed defendants to respond to plaintiffs' claims. *See* Dkt. No. 21. Defendants' dispositive motion is due May 29, 2020. *See* Dkt. No. 31.

Defendants have filed an administrative motion to consider whether the instant consolidated action should be related to *Kester v. Diaz*, Case No. 19-CV-4205-JST (N.D. Cal. filed July 22, 2019) ("*Kester*"). *See* Dkt. No. 30. The plaintiff from *Kester* has filed an opposition to defendants' motion. *See* Dkt. No. 35. Having reviewed the parties' briefs, the Court concludes that these two cases are not related, and DENIES defendants' motion.

Civil Local Rule 3-12(a) ("Rule 3-12") provides that two cases are related when both "actions concern substantially the same parties, property, transaction or event; *and*" relating the two cases will avoid "an unduly burdensome duplication of labor and expense or conflicting results." Rule 3-12(a)(1)-(2) (emphasis added).

Here, the first requirement of Rule 3-12 is not met. Although the instant action and *Kester* involve the same defendants, the two cases do not involve the same plaintiffs. Indeed, the plaintiffs in this action and the plaintiff in *Kester* appear to be at odds with one another. Although both groups argue that they will be physically harmed after a merger of two prison populations, the general-population plaintiffs in this action argue that they will be attacked by sensitive-needs prisoners (such as the plaintiff from *Kester*), and the sensitive-needs plaintiff in *Kester* argues that he will be attacked by general-population prisoners (such as the plaintiffs in this action).

The second requirement of Rule 3-12 is also unmet because this action and *Kester* are not likely to involve the same "labor." The key question in the instant action is whether general-population plaintiffs are likely to be attacked by sensitive-needs prisoners, on the basis of each group's status, following a merger of these two prison populations. *See* Dkt. No. 21 at 6-7. The proof that will satisfy this inquiry is most likely to be first-hand accounts of incidents in which sensitive-needs prisoners initiated attacks on general-population prisoners on the basis of each group's status. *See id*. By contrast, in *Kester* the plaintiff has already introduced evidence that general-population prisoners have offered a bounty for his death, and cited precedent suggesting sensitive-needs prisoners are at risk from general-population prisoners. *See* Dkt. No. 7 at 7-8, *Kester*. The evidence and caselaw persuaded that court that the plaintiff was likely to succeed on the merits. *See id*. (granting temporary restraining order). The evidence going to the heart of the instant action therefore differs from the evidence going to the heart of the action in *Kester*.

Finally, there does not appear to be a risk of conflicting results. As the plaintiff in *Kester* has argued, he seeks a narrowly tailored injunction that will affect only his future. *See* Dkt. No. 35 at 4-5. By contrast, the plaintiffs in this action seek an order barring defendants from merging general-population and sensitive-needs prisoners at all. *See* Dkt. No. 1 at 3. If this Court grants

2

Case No. 19-CV-01974-LHK
ORDER DENYING MOTION TO RELATE CASES

such relief, that outcome will benefit the plaintiff in *Kester*. However, if this Court denies the relief requested in this action, a separate court could still find that the *Kester* plaintiff's individual circumstances require that he be kept separate from general-population prisoners.

For these reasons, defendants' motion is **DENIED**.

This order terminates docket number 30.

**IT IS SO ORDERED.**

DATED: March 9, 2020

                                                                           *Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE