Ambrosio Villagrana, CDCR# C84430
California Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Plaintiff in Propria Persona



FILED
MAR 13 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CTF PRISONER LITIGATION, <br><br>     Plaintiffs, <br><br> v. <br><br> DIAZ, et al., <br><br>     Defenndants. | Case No. 5:19-cv-1974-LHK <br><br> PLAINTIFFS' OPPOSITION TO THE NAMED-DEFENDANTS' ADMINISTRATIVE MOTION TO RELATE CASES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AMBROSIO VILLAGRANA IN SUPPORT THEREOF <br><br> Judge:             Lucy H. Koh |

TO THE COURT:

Plaintiff Ambrosio Villagrana is a Named-Plaintiff in the above-referenced case (hereinafter, "Plaintiffs"). Plaintiffs oppose the Named-Defendants' motion to relate cases, i.e., Cruz v. Diaz, et al., N.D. Court Case No. 5:19-cv-01974-LHK(PR) and Kester v. Diaz, et al., N.D. Court Case No. 4:19-cv-04205-JST(PR).

This opposition is based on the instant Memorandum of Points and Authorities, Declaration of Ambrosio Villagrana, the complaint and supporting documentation.

-1-

Dated: 3/8/2020

_____
**Ambrosio Villagrana, Plaintiff in Pro Per**

MEMORANDUM OF POINTS AND AUTHORITIES

I.

DISCUSSION

1. The Cases Should Not Be Related.

As defense counsel correctly pointed out, the Court distinguished the Kester case from this one in denying Plaintiffs temporary restraining motion. Kester is designated as sensitive need yard (SNY) prisoner requiring protection by prison officials.

Here, Plaintiffs alleges, among other things, prison officials are currently disregarding substantial risks to their safety by relocating them - and other prisoners similarly situated, i.e., prisoners designated as general population (GP) - to facilities housing SNY prisoners or non-designated facilities (NDFs).

Plaintiffs also assert that it's not that they intend on inflicting violence upon the NDF population; rather, the NDF or SNY prisoners will inflict violence upon Plaintiffs. As such, the Plaintiffs' claims are not mere duplications nor are their claims identical in every respect.

> Case are related if they present common questions of law and fact, or arise from the same source or substantially similar transactions, happenings, events, or relationships, or if any other reason they would entail substantial duplication of labor if assigned to different judges.

(Jab Industries, Inc. v. Silex S.P.A., 601 F.Supp. 971, 980 (S.D.N.Y. 1985); see also California Rules of Court, Rule 3.300.)

-3-

II.

CONCLUSION

For these reasons, this Court should not related the CTF general population litigation with Kester.

Dated: 3/8/2020

Respectfully Submitted,

*[signature]*

Ambrosio Villagrana, Plaintiffs in Pro Per

DECLARATION OF AMBROSIO VILLAGRANA

Being competent to make this declaration and having personal knowledge of the statements made herein declare pursuant to 28 U.S.C. §1746:

1. I am a Named-Plaintiff in the above-referenced case. I (we) are laypersons and unskilled at law. We are proceeding in this matter in forma pauperis and without the benefit of professional representation.

2. We ask that any improprieties in the filings of the documents at bar overlooked pursuant to the "less stringent" analysis.

3. Upon information and belief, the case at bar should not be related as we are not merely claiming that prison officials does not have the authority to create ordinary prison conditions (Sandin).

4. We are alleging prison officials are disregarding substantial risks to our safety - and the safety of others similarly situated.

5. There are documented events showing GP prisoners being attacked - even killed by the so-called SNY or NDF-prisoners.

6. We are also alleging that particular case factors of individual cases mandates that the Court should not lump all our cases together. For example, prison officials receive "kites" (notes) from prisoners on the NDF/SNY facilities notifying them that GP prisoners <u>will</u> be attacked upon arrival. Yet, Prison officials disregarded them.

7. Pursuant to 28 U.S.C. §1746, I, Ambrosio Villagrana, declare under penalty of perjury that the foregoing is true and correct. Executed this _8_ day of March, 2020, at Soledad, CA.

Signature: _(signature)_

# PROOF OF SERVICE/DECLARATION OF SERVICE BY PERSON IN CUSTODY
## (28 U.S.C. § 1746; C.C.P. § 2015.5)

CASE NAME: **CTF GP Litigation v. Diaz, et al.**

CASE NO.: **5:19-cv-1974-LHK**

I, **Ambrosio Villagrana**, declare the following:

I am currently a resident of the California Department of Corrections and Rehabilitation ("CDCR"), located in the county of **Monterey**, state of California. I am 18 years of age or older and I'm familiar with the business practices within the CDCR for collecting, inspecting, sealing, and processing correspondence material for mailing with the United States Postal Service. In accordance with that practice, the document(s) and accompanying attachment(s) described below, were placed in the internal mail collection system at the CDCR institution addressed in the proceeding paragraph, and had been deposited with the United States Postal Service in the ordinary course of business. In this manner, the materials are deemed "filed" on the date I turned them over to prison officials. (Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988).)

On **MARCH**, **3**, I placed the following:

**OPPOSITION TO DEFENDANTS' MOTION TO RELATE CASES**

in the internal mail collection system at: **SOLEDAD STATE PRISON**, California, for deposit in the U.S. Postal Service in a sealed envelope, postage thereon fully prepaid, and addressed as follows:

**Preeti K. Bajwa, Deputy Attorney General**
**Department of Justice**
**455 Golden gate Ave., Suite 11000**
**San Francisco, CA 94102-7004**

**U.S.D.C. NORTHERN DISTRICT**
**SAN JOSE**
**280 S. First Street #2112**
**San Jose, CA 95113-3008**

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this **8**, day of **March**, 2020, at **Soledad**, California.

Signature: *[signature]*