UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CTF GP PRISONER LITIGATION | Case No. 19-CV-01974-LHK<br><br>**ORDER REOPENING CASE; ORDER TO SHOW CAUSE WHY TEMPORARY RESTRAINING ORDER SHOULD NOT ISSUE** |

Multiple plaintiffs in this District filed civil rights complaints under 42 U.S.C. § 1983 that raised substantially the same issues and that were related in the instant action. Dkt. No. 8. In sum, plaintiffs claimed that defendants planned to "merge" sensitive-needs and general-population prisoners into "non-designated yards," and that merger would result in physical harm to plaintiffs. *See generally, id*. The Court dismissed some related actions, consolidated the actions filed by three plaintiffs ("Plaintiffs"), and directed defendants to respond to the claims. Dkt. No. 21.

Defendants requested two extensions of time to file a dispositive motion. *See* Dkt. Nos. 29, 45. In the second of these requests, defendants asked for an extension of time until July 28, 2020, and represented to the Court that "Plaintiffs, . . . will not need to seek any relief from this Court during this extension as they are not currently scheduled to be moved or transferred to a

1

NDPF." Dkt. No. 45 at 3. Defense counsel repeated this statement under penalty of perjury. *See* Dkt. No. 45-1 ¶ 15. The Court granted defendants' requests, *see* Dkt. No. 46, and on June 25, 2020 granted Plaintiffs' request for counsel and stayed the instant action until such time as counsel could be located, *see* Dkt. No. 48.

On July 15, 2020, squarely within the period of time during which defendants had represented plaintiffs would not be "moved or transferred to" a non-designated yard, Plaintiff Villagrana asked the Court to issue a temporary restraining order ("TRO"). *See* Dkt. No. 51 & Ex. A (request, with proof of service signed and dated on July 15, 2020); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (applying the mailbox rule to prisoner's § 1983 complaint) (relying on *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff Villagrana explained that this TRO was necessary because, in direct contradiction of defense counsel's representation, defendants planned to transfer Plaintiff Villagrana to a "non-designated yard." *See* Dkt. No. 51 at 2. Plaintiff attached a "chrono" of a Classification Committee meeting held on July 1, 2020 – again, squarely within the period of time in which defense counsel represented Plaintiffs would not be transferred – in which the Classification Committee "recommend[ed] to . . . transfer Villagrana" to another facility, and noted that this may be a "non-designated" facility. Dkt. No. 51, Ex. B.

Despite having previously represented to the Court that Plaintiffs were not being considered for transfer, defense counsel filed a statement that "Defendants do not intend to respond to Villagrana's application unless ordered otherwise by this Court." Dkt. No. 52.

The Court reopens this action. Within seven (7) days, defendants shall show cause why a TRO should not issue which prevents Plaintiffs' transfer to a non-designated yard. Defense counsel is reminded of her ethical obligations and the authority of this Court. *See* Fed. R. Civ. P. 11(b) (concerning attorney's representations), (c) (discussing sanctions for misrepresentations).

**IT IS SO ORDERED.**

DATED: August 20, 2020

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

2
Case No. 19-CV-01974-LHK
ORDER REOPENING CASE; ORDER TO SHOW CAUSE WHY TRO SHOULD NOT ISSUE