XAVIER BECERRA
Attorney General of California
DAMON G. MCCLAIN
Supervising Deputy Attorney General
PREETI K. BAJWA
Deputy Attorney General
State Bar No. 232484
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0980
 Fax:  (510) 622-2270
 E-mail:  Preeti.Bajwa@doj.ca.gov
*Attorneys for Defendants*
*R. Diaz, G. Viera Rosa, and C. Koenig*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **IN RE CTF GP PRISONER LITIGATION: DANIEL P. CRUZ, et. al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**R. DIAZ, et al.,** | 5:19-CV-1974-LHK<br><br>**DECLARATION OF PREETI K. BAJWA IN SUPPORT OF DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE**<br><br>Judge:        The Honorable Lucy H. Koh<br><br>Action Filed:  November 20, 2019 |

I, PREETI K. BAJWA, declare:

1. I am an attorney admitted to practice before the courts of the State of California and this Court. I am employed by the California Attorney General's Office as a Deputy Attorney General in the Correctional Law Section. I am assigned to represent Defendants Diaz, Viera Rosa, and Koenig in this action. I am competent to testify to the matters set forth in this declaration, and if called upon by this Court, would do so. I submit this declaration in support of Defendants' Response to Court's Order to Show Cause (ECF No. 53)

2. On May 21, 2020, Defendants requested an extension of time, up to and until July 28,

1

Bajwa Decl. Supp. Defs' Resp. Order to Show Cause  (5:19-CV-1974-LHK)

2020, to file their motion for summary judgment.  (*See* ECF No. 45.)  I made the request because the global COVID-19 pandemic impacted my ability to communicate with the California Department of Corrections and Rehabilitation's (CDCR) Population Management Unit and the Office of Research, which are the departments that have all the data and information necessary to address Plaintiffs' allegations, and provide evidence supporting Defendants' dispositive motion.  This is because CDCR has been actively engaged in reducing the inmate population, rehousing inmates to create social distancing, and responding to multiple emergency orders issued by the federal court in the *Coleman v. Newsom, et. al.* and *Plata v. Newsom, et. al.* matters.  The Population Management Unit and Office of Research are the main departments engaged in the safety and security measures being implemented due to the COVID-19 pandemic, which has included scheduling and effectuating the release of thousands of inmates, rehousing thousands of inmates, and locating additional housing for 1,700 inmates currently housed in reception centers.  In addition, these departments are also engaged in state-budget discussions and are regularly attending high-priority meetings with the Governor's office.

3. Because of the Population Management Unit and Office of Research's obligations due to COVID-19, it has been very difficult to contact the necessary declarants and obtain the necessary documents and information to support a summary-judgment motion.

4. This Court granted Defendants' request for an extension of time.  (*See* ECF No. 47.)

5. Defendants were prepared to file their summary-judgment motion by July 28, 2020.  However, on June 25, 2020, this Court granted Plaintiff Ambrosio Villagrana's (hereinafter "Villagrana") motion to appoint counsel and stayed the case.  (*See* ECF No. 48.)

6. On July 13, 2020, I was contacted by the Correctional Training Facility (CTF), the institution where Villagrana is presently housed, and informed that Villagrana had appeared before his Unit Classification Committee on June 30, 2020, which had recommended him for transfer to a Non-Designated Programming Facility (NDPF).  I was further informed that Diana Cruz, who referred to herself as Villagrana's inmate advocate, was inquiring about this recommendation.

7. I am aware that Villagrana's current case concerns transfer to a NDPF.  Accordingly,

1. I contacted CDCR to inquire about Villagrana's status. I learned that Villagrana was only recommended for a transfer, not endorsed for transfer. And I confirmed that he was not scheduled for transfer to a NDPF.

8. I understand that CDCR reviewed the matter further, and on July 14, 2020, I was informed by CDCR that, while the recommendation was proper, CTF would not transfer Villagrana during the pendency of this litigation, and that Villagrana would remain in his current housing.

9. I understood that the determination to retain Villagrana was communicated to Ms. Cruz and Villagrana by way of the letter that is attached as Exhibit A to Captain Galvan's declaration.

10. Based on the information provided to me by CDCR and CTF and the written correspondence provided by CTF, I did not misrepresent any information to the Court. Villagrana's housing situation remains the same—he is not scheduled to be moved or transferred to a NDPF. And I have confirmed that he will not be during the pendency of this litigation. Moreover, when Villagrana raised his concern, I expeditiously contacted CDCR for clarification on this matter and to ensure my representations to the Court remained true and correct, which they did.

11. On July 29, 2020, I received Plaintiff Villagrana's Ex Parte Application for a Temporary Restraining Order. (*See* ECF No. 51.)

12. Because I understood the matter to be resolved, that Villagrana would not be transferred, and that this information had been communicated to him, I did not believe further response was warranted. But I now recognize that the Court did not have the above information and that I should have provided it in Defendants' Response to Plaintiff Villagrana's Ex Parte Application for a Temporary Restraining Order. (*See* ECF No. 52.)

/ / /

/ / /

/ / /

3

Bajwa Decl. Supp. Defs' Resp. Order to Show Cause (5:19-CV-1974-LHK)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 25, 2020, in Castro Valley, California.

*/s/ Preeti K. Bajwa*
Preeti K. Bajwa
Deputy Attorney General

SF2019202635
91281905

4

Bajwa Decl. Supp. Defs' Resp. Order to Show Cause (5:19-CV-1974-LHK)